# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**UNITED STATES OF AMERICA**

v.  CASE NO: 5:09CR30-8

**AMY COOPER**

## GOVERNMENT'S NOTICE OF INTENT
## TO OFFER EVIDENCE, PURSUANT TO RULE 404(b)
## AND REQUEST FOR DEFENDANT'S RESPONSE

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, and provides notice of its intent to offer evidence, pursuant to Federal Rule of Evidence 404(b), and requests that defendant respond prior to trial, with the basis for any objection to the introduction of this evidence.

## Background

The government's evidence at trial will show that, on or about May 27, 2009, defendant Amy Cooper used a telephone to facilitate the distribution of, or possession with intent to distribute, cocaine. Specifically, the government's evidence will show that Cooper used the telephone to facilitate the distribution of cocaine from co-defendant Hector Melara to co-defendant Michael Reed. As part of the government's case-in-chief, the government intends to call Melara as a witness to testify about the events of May 27, 2009 and events preceding that date.

**Evidence to be Introduced**

The government intends to introduce the following evidence through Melara, pursuant to Rule 404(b), to prove Cooper's knowledge, intent, and lack of absence or mistake:

Melara is expected to testify that, approximately two and a half years ago, he met Cooper through some of Melara's cocaine customers in Panama City. She immediately became one of his drug customers. From that time until around a little over a year ago, Melara sold Cooper approximately 2.5 to 5 grams of cocaine approximately once every two weeks.

Just over about a year ago, Cooper introduced Melara to her boyfriend, Reed. Melara became friends with Reed, and Cooper told Melara that Reed liked to use cocaine. After Melara met Reed, Reed and Cooper would buy cocaine from Melara together. From soon after they met until about earlier this year, Melara sold Cooper and Reed about 5 grams of cocaine about once every two weeks.

Melara would sell to them at their residence on West Water Oak Bend in Panama City Beach, Florida in the Wild Heron development. When Melara sold to both of them at their residence, they were both there on some occasions. Other times, Melara would just sell the cocaine to one or the other.

Earlier this year, Melara delivered a kilogram of cocaine to Reed at Reed and Cooper's residence. From then until some time before Melara's arrest on May 27, 2009, Melara periodically got cocaine from Reed. While Reed had the kilogram of cocaine at his

residence and was supplying Melara with cocaine, Melara did not supply small quantities of cocaine to Reed or Cooper.

WHEREFORE, the United States respectfully provides notice of its intent to offer evidence, pursuant to Federal Rule of Evidence 404(b), and requests that defendant respond prior to trial, with the basis for any objection to the introduction of this evidence.

Respectfully submitted,

THOMAS F. KIRWIN
United States Attorney

*/s/Gayle E. Littleton*
GAYLE E. LITTLETON
Assistant United States Attorney
Massachusetts Bar No: 643649
30 West Government Street
Panama City, FL 32401-2758
(850) 785-3495

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been furnished by Notice of Electronic Filing (CM/ECF) to James H. White, Jr., Esq., on this 2nd day of November, 2009.

*/s/Gayle E. Littleton*
GAYLE E. LITTLETON
Assistant United States Attorney